UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
MARTIN E. SPEHAR,               : CASE NO. 1:15-CV-1476
                                                :
        Plaintiff,         :
                                                :
vs.                                            : ORDER OF REMAND
                                                :
THE CITY OF MENTOR,            :
                                                :
                                                :
        Defendant.        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      This is a removed *pro se* action. Plaintiff Martin E. Spehar filed his complaint in the Lake County Court of Common Pleas on July 1, 2015, alleging he is bringing "a civil claim arising out of the defamation of character [he] has suffered from a malicious scheme engaged in by the City of Mentor, Ohio for purposes of preventing [him] to raise a few chickens on his property." (Complt., ¶ 1.) The complaint alleges four causes of action stemming from the City's use of Mentor Codified Ordinance 505.13 against him in connection with his chickens: "defamation"; "tort"; "theft"; and a violation of the Ohio Constitution's Bill of Rights, "§1.10 Inalienable Rights."

      The plaintiff filed a prior lawsuit arising from the same facts, which the defendants in the prior case (the City of Mentor, the City Law Director, the City Council President, and Council Members) removed to this Court on the ground that the complaint alleged constitutional due process claims in addition to state law claims (including personal injury, conspiracy to deprive

him of his right to farm his property, and theft). Following briefing, this Court dismissed the plaintiff's prior action pursuant to Fed. R. Civ. P. 12(b)(6), finding the plaintiff's claims were barred by the doctrine of issue preclusion and *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Spehar v. City of Mentor, et al.*, Case No. 1: 12 CV 2855, 2013 WL 3190695 (N.D. Ohio June 21, 2013).

On July 27, 2015, the City of Mentor removed this case to this Court on the ground that the plaintiff's new complaint also alleges federal constitutional claims, and the City has moved to dismiss the complaint. The plaintiff, however, has filed a motion to remand. (Doc. No. 6). The plaintiff contends removal is improper because his complaint in this case alleges only state-law claims. Defendants contend the plaintiff alleges federal claims because "the Complaint at page 9 invokes the 'constitutions of the State and of the United States,' and at page 11, referring to the 'second CAUSE OF ACTION,' seeks damages for alleged 'unlawful acts by the DEFENDANTS [sic], denying the PLAINTIFF Life, Liberty, the right to farm, and Due Process. . . .'" (Doc. No. 8 at 1.)

This action will be remanded to state court. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil actions that arise under federal law, or that involve parties of diverse citizenship where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§1331; 1332(a). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction, and the "'removal statute should be strictly construed and

all doubts resolved in favor of remand.'" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)).

To support removal on the basis of a federal question, a federal claim must be presented on the face of the plaintiff's well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Although the plaintiff's complaint contains constitutional references, he contends he alleges only state-law claims, and the only constitutional cause of action he alleges in his complaint is under the Ohio Constitution. Accordingly, the most reasonable reading of the plaintiff's complaint in this case is that it alleges only state, and not federal, constitutional claims. Moreover, by moving to remand, the plaintiff has effectively abandoned any federal constitutional claims that might be inferred from his complaint. *See Pedder v. City of Syracuse*, Case No. 5: 08 CV 983, 2008 WL 5115023 (N.D. N.Y. Dec. 3, 2008) (remanding removed action where the complaint contained references to constitutional violations but the plaintiff asserted he chose to assert only state-law, not federal constitutional claims).

## Conclusion

Accordingly, the plaintiff's motion to remand this case to state court is granted. This action is hereby remanded to the Lake County Court of Common Pleas.

IT IS SO ORDERED.

Dated: September 11, 2015                s/ James S. Gwin
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE